IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PETER JOSEPH PABÓN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CIVIL NO.: 22-1109 (MEL)

**OPINION AND ORDER**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Pending before the court is Mr. Peter Joseph Pabón's ("Plaintiff") complaint challenging the decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability benefits under the Social Security Act. ECF No. 1. On July 17, 2014, Plaintiff filed an application for Social Security benefits, alleging that he initially became unable to work due to disability on March 11, 2014 (the "onset date"). Tr. 49. Prior to the onset date, Plaintiff's past relevant work was as a "driver, sales route." Tr. 60. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. Tr. 51. Plaintiff's disability claim was denied initially on October 4, 2018, and upon subsequent reconsideration on May 8, 2019. Tr. 49.

Thereafter, Plaintiff requested a hearing which was held on December 6, 2019, before an Administrative Law Judge (the "ALJ"). Tr. 49. On January 29, 2020, the ALJ issued a written decision finding that Plaintiff was not disabled. Tr. 62. Thereafter, Plaintiff requested review of the ALJ's decision. Tr. 520–21. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review.

Tr. 1–6. Plaintiff filed a complaint on March 3, 2022. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 10, 11.

## II.    LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether her factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." *López-Vargas v. Comm'r of Soc. Sec.*, 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying

the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing *Da Rosa v. Sec'y of Health & Human Servs.*, 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. *See Ortiz*, 955 F.2d at 769 (citing *Rodríguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." *Id*. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." *Rodríguez Pagán v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003); *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Yuckert*, 482 U.S. at 140–42. If it is conclusively determined that plaintiff is or is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). However, if the ALJ

cannot conclusively determine whether a plaintiff is or is not disabled at a given step, then the analysis will proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent her from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

In assessing an individual's impairments, the ALJ considers all the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by her mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functioning capacity ("RFC"). *Id.* If the ALJ concludes that plaintiff's impairment or impairments do prevent her from performing her past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with her age, education, and work experience, allows her to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

**C. The ALJ's Decision**

In the ALJ's decision dated January 29, 2020, the ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through December 31, 2020, the date last insured. Tr. 51. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the onset date of March 11, 2014, through the date last insured. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: "obesity, obstructive sleep apnea, lumbar spine degenerative issues post-surgery, peripheral vascular disease in the lower extremities, bilateral osteoarthritis of the knees with a history of a right knee tear, bilateral carpal tunnel syndrome with left long trigger finger, anxiety, and depression . . . ." *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 52. Next, the ALJ determined that during the relevant period:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except stand and walk 4 hours in an 8-hour day. He can handle and finger frequently with the bilateral upper extremities. [Plaintiff] can climb ramps and stairs occasionally; never climb ladders, ropes, and scaffolds; and balance, stoop, kneel, crouch, and crawl occasionally. [Plaintiff] can never work at unprotected heights, can work moving mechanical parts occasionally, and operate a motor vehicle occasionally. He is limited to simple and routine tasks.

Tr. 54. At step four, the ALJ determined that during the relevant period, Plaintiff was not capable of performing his past relevant work as a "driver, sales route." Tr. 60–61. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert ("VE"). Tr. 61. The VE testified that a hypothetical individual with a similar RFC would be able to perform the following representative occupations: ticket taker, toll

collector, and storage facility rental clerk. Tr. 61–62. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Tr. 62.

## III. LEGAL ANALYSIS

Plaintiff argues that the ALJ erred at three steps of the five-step process: (1) The ALJ's analysis of Plaintiff's listed impairments at step three, (2) the ALJ's RFC determination, and (3) the ALJ's analysis at step five. ECF No. 10 at 1, 3, 36–39. The Commissioner responds that Plaintiff's arguments are undeveloped, and therefore waived. ECF No. 11 at 5–6. In the alternative, the Commissioner argues that the ALJ's decision was supported by substantial evidence and should therefore be affirmed. ECF No. 11 at 6–10.

### A. Plaintiff has failed to show that the ALJ erred at step three.

Plaintiff contends that the ALJ erred during step three because Plaintiff's impairments satisfied the criteria under Listing 12.04.[1] ECF No. 10 at 3, 36; 20 C.F.R. Pt. 404, Subpt. P, App. 1, Part A2, § 12.04. Specifically, Plaintiff claims that he has marked limitations under all four functional areas of Listing 12.04 Paragraph B. ECF No. 10 at 36. At step three, the plaintiff bears the burden of proving that his impairment or combination of impairments meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(d); *Dudley v. Sec'y of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987) ("[t]he burden to demonstrate the existence of such a [listed] impairment rests with the [plaintiff]."). To meet the criteria of a listing, the plaintiff's impairment must satisfy all the duration and objective medical requirements. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a [plaintiff] to show that his

---

[1] Plaintiff also argued that he met the criteria under Listings 1.02, 1.04, 11.14, and 12.06. ECF No. 10 at 3. However, Plaintiff provides no reasoning or cites to authority as to why he meets the listed impairments under these provisions. *Id.* at 3, 36. Accordingly, these arguments are undeveloped and therefore waived. *Redondo–Borges v. Dept. of Housing and Urban Development*, 421 F.3d 1, 6 (1st Cir. 2005) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); 20 C.F.R. § 404.1525(c)(3).

To satisfy the criteria under Listing 12.04, a plaintiff must first show medical documentation of a depressive disorder or bipolar disorder (the Paragraph 12.04A requirement) and must also satisfy either Paragraph B or Paragraph C of Listing 12.04. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Part A2, § 12.04. Paragraph B of Listing 12.04 requires that a plaintiff demonstrate an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning": (1) "[u]nderstanding, remembering, or applying information"; (2) "interacting with others"; (3) "concentrating, persisting, or maintaining pace"; or (4) "adapting or managing oneself." § 12.04B. A marked limitation means that a plaintiff's functioning in the area "independently, appropriately, effectively, and on a sustained basis is seriously limited." § 12.00F2d. Here, the ALJ found that Plaintiff had moderate limitations in understanding, remembering or applying information and concentrating, persisting, or maintaining pace. Tr. 53. Additionally, the ALJ found that Plaintiff had mild limitations in interacting with others and adapting or managing oneself. Tr. 53–54.

Without citing to the record, Plaintiff lists only two reasons as to why all four of the Paragraph B functional areas should have been classified as marked.[2] ECF No. 10 at 36. First, Plaintiff argues that he has marked limitations in interacting with others because he "does not participate in social activities and does not spend time in crowds." *Id.* Even if this statement were supported by the record, it is not necessarily indicative of a marked limitation because Plaintiff's reasoning and this particular functional area are not mutually exclusive. For example, it is

---

[2] Plaintiff provides no reasons as to why the understanding, remembering, or applying information and concentrating, persisting, or maintaining pace functional areas should be classified as marked. ECF No. 10 at 36.

7

certainly possible that an individual does not participate in social activities or spend time in crowds and can still effectively interact with others at work. Second, Plaintiff contends that he has marked limitations in his ability to adapt or manage himself because "he has marked difficulties handling change." *Id.* However, this reason is a legal conclusion that the ALJ can disregard. *Casull v. Comm'r of Soc. Sec.*, No. CV 16-1620, 2017 WL 5462185, at *5 (D.P.R. Nov. 14, 2017) ("Conclusions as to whether a claimant is 'disabled' and related legal conclusions are administrative decisions that are to be made by the Commissioner, not by medical personnel." (citations omitted)). Without evidence from the record establishing that Plaintiff had a degree of difficulty handling change, Plaintiff has provided no basis for his argument. Because Plaintiff fails to specifically challenge why the ALJ's decision is not supported by substantial evidence, this argument is unfounded.

### B. Plaintiff has failed to show that the ALJ erred in formulating Plaintiff's RFC.

Plaintiff asserts that the ALJ erred in not considering both severe and non-severe impairments in formulating Plaintiff's RFC.[3] *See* ECF No. 10 at 39. In making this contention, Plaintiff fails to cite to the record and explain exactly what severe and non-severe impairments were not considered by the ALJ. *Id.* Because this argument lacks specificity, this assertion is undeveloped and therefore waived. *Handford ex rel. I.H. v. Colvin*, 2014 WL 114173, at *11 (N.D. Ill. Jan. 10, 2014) (noting in a Social Security appeal, "perfunctory and undeveloped arguments" are deemed waived.); *Redondo–Borges v. Dept. of Housing and Urban*

---

[3] Plaintiff initially characterizes this as a step-two argument but that is incorrect because Plaintiff argues only that severe and non-severe impairments were not considered in formulating Plaintiff's RFC, not that the ALJ incorrectly characterized an impairment as non-severe. ECF No. 10 at 39–40; *see also Rodriguez Feliciano v. Comm'r of Soc. Sec.*, No. CV 19-1095, 2022 WL 3643949, at *3–6 (D.P.R. Aug. 24, 2022) (analyzing a plaintiff's challenge at step two).

*Development*, 421 F.3d 1, 6 (1st Cir. 2005) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Nevertheless, the ALJ noted—as already explained above—that Plaintiff had eight severe impairments and the following ten non-severe impairments: "hypertension, dyslipidemia, diabetes mellitus, insomnia, hematuria, uncomplicated opioid dependence, ankle degenerative joint disease, calcaneal spurs, superficial venous insufficiency, and right leg cellulitis." Tr. 51–52. Indeed, the ALJ did address non-severe impairments in her determination. Tr. 52. For example, the ALJ stated that Plaintiff's diagnoses for bilateral calcaneal spurs and degenerative changes in the ankles lacked sufficient support to warrant restrictions, and "[e]ven if arguably limiting, the conditions failed to elicit greater restrictions than noted in the" RFC. *Id.* Additionally, the ALJ found that Plaintiff's diagnoses of hypertension, hyperlipidemia, diabetes mellitus, and opioid dependence were all managed with medications and, even so, "findings failed to elicit limitations based upon the degree of care and objective findings." *Id*.

While this court could continue to undertake an exploratory journey in the record to verify the merit of Plaintiff's argument (i.e., address each severe and non-severe impairment), doing so would encourage Plaintiff's counsel to continue submitting briefs with skeletal arguments. *See United States v. Oliver*, 878 F.3d 120, 127 (4th Cir. 2017) ("Habitual sua sponte consideration of a forfeited issue disincentivizes vigorous advocacy and thereby chips away at the foundation of our justice system."). The court finds no reason to condone or do the job of Plaintiff's counsel. *United States v. Parsons*, 141 F.3d 386, 390 (1st Cir. 1998) ("It is counsel's job on appeal to mine the record and prove the alleged error, not to offer suggestive hints and leave the rest of the work to a busy court."); *Rodríguez-Machado v. Shinseki*, 700 F.3d 48, 50 (1st Cir. 2012) ("[D]oing [Plaintiff's] work for her is not an option, since that would divert

precious judge-time from other litigants who could have their cases resolved thoughtfully and expeditiously because they followed the rules.").

Next, Plaintiff argues, without citing to the record, that the ALJ did not "consider all the symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," and the ALJ did not consider "the medical opinion(s) and prior administrative medical finding(s)" ECF No. 10 at 37. Because the court cannot ascertain what symptoms, medical opinions, objective medical evidence, and prior medical findings Plaintiff is referring to, this argument is waived. *Redondo–Borges*, 421 F.3d at 6. Additionally, Plaintiff asserts, without providing support, that the "ALJ did not afford proper weight to the treating doctor's progress notes, the medical studies, and the treating doctor's opinion of the conditions and the [r]esidual [f]unctional limitations that are severe." ECF No. 10 at 38. Again, without more specificity (such as the name of the physician, the exact medical studies being referenced, and the nature of the severe limitations), the court cannot entertain this argument. *Redondo–Borges*, 421 F.3d at 6.

### C. Plaintiff has failed to show that the ALJ erred at step five.

Finally, Plaintiff contends that the step-five finding was erroneous because the ALJ failed to ask the VE six specific hypothetical questions:

> 1. If we have a person with the same vocational descriptions as the Plaintiff and has the residual functional *capacity to perform sedentary work except sitting four hours and standing or walking for only one hour* can work [sic] in any work in the economy?
> 2. If we have a person with the same vocational descriptions as the Plaintiff and has the residual functional capacity to perform light work with the same limitation the Administrative Law Judge made but the *Plaintiff cannot concentrate for twenty percent of time*?
> 3. If we have a person with the same vocational descriptions as the Plaintiff and has the residual functional capacity to perform light work with the same limitation the Administrative Law Judge made but the *Plaintiff will be absent two days monthly all the months of the year*?

10

> 4. If we have a person with the same vocational descriptions as the Plaintiff and has the residual functional capacity to perform light work with the same limitation the Administrative Law Judge made but the *Plaintiff needs two more breaks of 20 minutes of the usual breaks they give in the economy*?
> 5. If we have a person with the same vocational descriptions as the Plaintiff and has the residual functional capacity to perform light work with the same limitation the Administrative Law Judge made but the *Plaintiffs* [sic] *manipulative handling, fingering, and feeling with the bilateral upper extremities are occasional*?
> 6. If we have a person with the same vocational descriptions as the Plaintiff and has the residual functional capacity to perform light work with the same limitation the Administrative Law Judge made but the *Plaintiffs* [sic] *limitations of overhead reaching and reaching in any other direction are occasional instead of frequent*?

ECF No. 10 at 37–38 (emphasis added). In order to be relevant, a VE's testimony must respond to hypothetical questions that accurately reflect a plaintiff's functional work capacity. *See Arocho v. Sec'y of Health and Human Servs.*, 670 F.2d 374, 375 (1st Cir.1982). "A proper hypothetical question is one that incorporates reasonably all disabilities of the [plaintiff] recognized by the ALJ, which accurately reflects all of the [plaintiff's] impairments and the degree of their severity." *Cruz-Valentin v. Astrue*, No. CV 11-2050, 2013 WL 1002419, at *9 (D.P.R. Mar. 13, 2013) (citation omitted). In other words, the ALJ need only pose hypotheticals which are supported by the record and may disregard unsupported hypotheticals. *Id.*; *Colon v. Astrue*, 841 F. Supp. 2d 495 (D. Mass. 2012) ("Nor was the ALJ bound to accept the factual premise of counsel's hypothetical where it was contradicted by the opinion of a medical professional.").

Plaintiff offers this court no reasons as to why these six hypotheticals should have been submitted. ECF No. 10 at 37–38. Nor does Plaintiff cite to the record to indicate that the proposed hypotheticals are supported by substantial evidence. *Id.* Additionally, Plaintiff does not challenge the hypotheticals posed by the ALJ in the administrative hearing. *Id.* Because Plaintiff fails to explain why his proposed hypotheticals are supported by substantial evidence in the record, remand is not warranted.

**IV.    CONCLUSION**

Throughout most of Plaintiff's arguments, he "is asking [the court] to do one of two things: accept what []he says as gospel or mine the record . . . to confirm the truth of h[is] story—and there is no reason for [the court] to do either." *Rodríguez-Machado v. Shinseki*, 700 F.3d 48, 49 (1st Cir. 2012) (citation omitted). Based on the foregoing analysis, the court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence and contained no legal error. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of October, 2023.

s/Marcos E. López  
U.S. Magistrate Judge